[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution involving a marriage of over 35 years duration at the time the plaintiff instituted suit in 1989.
The court heard the parties at length and concludes that the defendant husband was responsible for the breakdown of this marriage. In fact, the court is at a loss to understand how this plaintiff tolerated her existence in this marriage for so long.
The court has jurisdiction over the parties and finds that the marriage has broken down irretrievably. It is hereby dissolved.
In fashioning its awards and orders, the court has considered the appropriate statutes, including Sections 46b-81 82.
The following is found to be fair and equitable under the CT Page 6014 circumstances of this case:
1. The real property located at and known as 453 455 Leetes Island Road in Branford shall be sold forthwith and the net proceeds divided equally between the parties.
2. The stock holdings shall be split equally between the parties.
3. The plaintiff is awarded a 50% interest in both of the defendant's pensions, i.e., in U.S. Steel Corporation and Metro North. Plaintiff's counsel will prepare the "QDRO's".
4. The defendant is ordered to pay to the plaintiff the sum of $250. per week as alimony, these payments to be secured by a wage execution.
5. The defendant shall maintain his present life insurance with the plaintiff as beneficiary for so long as he is obligated to pay alimony.
6. The plaintiff shall retain the 1989 Honda and the defendant the 1983 Ford.
7. The defendant shall maintain the plaintiff on his health insurance policy at his expense for two years.
8. The defendant shall pay to the plaintiff the sum of $50,000. as part of the property settlement.
9. Each party shall be responsible for the obligations shown on his or her respective financial affidavits and each party shall be responsible for his or her counsel fees.
10. If the parties are unable to agree on a distribution of their personal property, the matter shall be referred to the family relations office for mediation.
11. The defendant is enjoined from imposing any restraint on the plaintiff, and from contacting, following, threatening, molesting, harassing, or assaulting the plaintiff and from entering her dwelling or visiting her at her place of employment.
ANTHONY V. DeMAYO, Judge